FARR v. CHANDLER & A.

A plea of usury under the Revised Statutes need not conclude in bar when it shows that three times the amount of illegal interest paid, or secured in the instrument, is equal to or exceeds the whole amount due, though such is the usual form.

The right to have a deduction of three times the illegal interest paid or secured deducted in rendering judgment on the instrument whereby it was secured, or for the debt on which it has been paid, having accrued before the passage of the General Statutes, changing the usury law, it was *held* that such right was saved to the defendant by section 5 of chapter 273 of the General Statutes.

ASSUMPSIT, by George Farr against Sumner C. Chandler and others, on a promissory note payable to John Chandler or order, and by him transferred to the plaintiff. The defendants filed the following plea of usury : " And for a further plea in said cause, the said defendants say that the plaintiff ought not to have judgment for the full amount of the note mentioned in his specification, by the sum of three hundred dollars indorsed thereon, because they say that the said defendant, Harry Chandler, gave an accommodation note to one John Chandler, dated the 1st day of November, 1858, payable to said John Chandler or his order, in one year from date, with interest annually, for the sum of $732.85, to be by him indorsed and delivered to one David Burnside, either for the purpose of paying a debt of the said John to the said Burnside, or of enabling him to procure money of the said Burnside thereon ; that in said note, with the said Burnside's agreement and knowledge, was included a year's interest in advance, to wit, the sum of $43.97 ; that on the 21st day of May, 1860, the said defendant, Harry, paid the said Burnside the sum of $90, and the same was indorsed on said note ; that on January 7, 1862, at, to wit, said Haverhill, it was corruptly, and against the form of the statute in such cases provided, agreed by and between the said Burnside, John Chandler, and the defendants, that the said Burnside should forbear, and give day of payment of the said sum due on said note ; that the interest should be cast on said note at twelve per cent. per annum from the day of its date to the said January 7, allowing for the interest included in said note, making the amount of interest to be paid, over and above six per cent. per annum, the lawful rate, $144.80, and that the sum of $21.21 additional should be added to said sum of $144.80, making in all a sum of $969.71, for which sum the said defendants were to execute two accommodation notes to the said John Chandler, to be by him indorsed and delivered to said Burnside, both to be dated on said January 7, 1862, and payable to said John Chandler or order, with interest annually,—the first in one year from date, for the sum of $471.70, and the second for $498, in two years from date ; and that

the parties, in pursuance of said corrupt agreement aforesaid, did cast up the interest at twelve per cent. as aforesaid, and the said notes were executed and delivered as aforesaid, for the sums aforesaid, in the manner and with the design and purpose aforesaid ; and that the said Burnside did forbear and give day of payment as aforesaid for the consideration aforesaid. And the defendants further say, that, prior to the commencement of this suit, they had paid the first of said last mentioned notes, and three hundred dollars upon the second note, being the note sued in this action ; that though said Burnside died prior to the commencement of this action, the said note in suit belonged to his estate at the time, and the plaintiff received said note after it became due, and is only a nominal party ; that the defendants, in pursuance of said corrupt agreement, have paid upon said notes, to the said Burnside and his representatives, and they have received from them, the sum of $166.01 over and above the rate of six dollars for the forbearance of one hundred dollars one year ; and this they are ready to verify.

Wherefore they pray that in the rendition of the judgment in said action, a sum equal to three times the sum of $166.01 may be deducted from the sum lawfully due on said note.

To this plea the plaintiff demurred, and assigned the following causes of demurrer :

1. The law upon which the plea purports to be founded, was, at the time of the commencement of this action, repealed, and has not been since and is not now in force ; and should it appear that interest at a higher rate than six dollars for one hundred dollars for one year has been secured upon the note sued for in this action, the court, in rendering judgment, could not deduct from the sum lawfully due the plaintiff three times the amount so unlawfully secured.

2. The plea nowhere states the amount of interest at a higher rate than six dollars for one hundred dollars for one year, secured in and by said note, nor does it state that any such unlawful interest is secured by said note.

3. The defendant asks the court " to deduct a sum equal to three times the sum of $166.01 from the amount lawfully due on said note." Three times the sum of $166.01 would be $498.03 more than the amount due on the note sued. The plea, therefore, should have been one in bar.

4. The plea is argumentative, and in other respects uncertain, informal, and insufficient.

The court overruled the demurrer, and the plaintiff excepted ; and the questions thereupon arising were transferred for the consideration of the whole court.

*John Farr & Son* and *C. W. & E. D. Rand*, for the plaintiff.

*H. & G. A. Bingham*, for the defendants.

LADD, J.   It is, perhaps, alleged with sufficient certainty in the plea
that the sum of $166.01, illegal interest, was reckoned in to make up
the sum of $966.71, for which the two notes were given Jan. 7, 1862.
However that may be, the subsequent allegation that the defendants
have paid upon said notes the sum of $166.01 over and above the rate
of six dollars for the forbearance of one hundred dollars one year, is
clearly sufficient, and this cause of demurrer cannot prevail.   It also
sufficiently appears that the money sued for is the unpaid balance of
the debt upon which the illegal interest was thus reckoned and secured.

The fact that the original debt, with the illegal interest added, was
secured by two notes instead of one when the matter was adjusted,
Jan. 7, 1862, can make no difference ; and the payment of one of the
notes cannot affect the defendants' right to the deduction allowed by
the statute any more than if the whole sum had been put into one
note, and the amount paid were indorsed upon it.   The balance still
due on the last note, which this suit is brought to recover, is the balance
of the money upon which the usurious interest was secured and paid ;
and to give the effect contended for by the plaintiff to the form in which
the evidence of the debt was put by the parties would, as it seems to
us, be a clear evasion of the spirit, and, in fact, of the express terms
of the statute.   See *Gibson* v. *Stearns*, 3 N. H. 185, and authorities
cited.

But it is said that the plea cannot be sustained because the statute
upon which it is based—Rev. Stats., ch. 190, sec. 3—was repealed be-
fore the suit was commenced ; and it is urged that the provisions of
the Revised Statutes had relation merely to the remedy ; that the de-
duction allowed was a penalty given by way of punishment for a viola-
tion of law ; that no one can have such a vested right in a penalty ;
that it cannot be taken away by the legislature ; and for these reasons
it is contended that the repeal of the law put an end to any right the
defendants may ever have had to the deduction claimed by the plea.

We have not found it necessary to inquire whether all these views
are, upon general principles, correct or not, for we think it admits of
no doubt that whatever rights the defendants may have had in the
premises, at the time the General Statutes went into effect, were saved
to them by section 5 of the repealing act.   Gen. Stat., ch. 273, sec. 5.
That clause is as follows : " The repeal of the acts hereinafter men-
tioned," among which are the Revised Statutes in a body, " shall not
affect any act done or any right accruing, or accrued, or acquired, or
established, or any suit or proceeding had or commenced in any civil
case, before the time when said repeal shall take effect."

It is entirely plain that the defendants' right to a deduction of three
times the usury accrued to them, and was acquired and established, the
moment the illegal contract for extra interest was consummated by the
execution of the notes.

As the law was at the time of the transaction, and when the Gen-
eral Statutes went into effect, they had a defence to that extent, if they
chose to avail themselves of it, just as complete and effective as a set-off

of the same amount would have been. The statute saves *any right* in a civil case. This was most clearly a right in a civil case, therefore it was saved.

The case of *Lakeman* v. *Moore*, 32 N. H. 410, is an authority fully in point. That was an action of debt against the defendant, a justice of the peace, to recover the penalty prescribed by section 12, chapter 147, Revised Statutes, for joining in marriage the minor son of the plaintiff without a certificate from the town clerk of the publication of intention of marriage.

The marriage was solemnized on the 29th day of June, 1854, and the action was commenced on the 8th day of September following. On the 14th day of July, 1854, an act was passed repealing that provision of the Revised Statutes which required the publication of intention of marriage. The repealing act contained no saving clause as to penalties already incurred under the old law, but the general saving clause as to all subsequent acts of repeal found in the 26th section of chapter 1, Revised Statutes, was identical in its terms with the saving clause in the General Statutes already quoted. The important question in the case was, whether the repeal of the statute requiring intention of the proposed marriage to be published should operate as a bar to or abrogation of the right of action in a suit brought subsequent to the repeal for a penalty incurred previous to it. SAWYER, J., in delivering the opinion of the court, admits that no right to recover the penalty had become vested in anybody at the time of the repeal, because that depended entirely upon the contingency of priority of suit. It was a right which might be established in favor of the parent or guardian of either of the parties, and until fixed and made certain by suit commenced, it could not be regarded as vested in either. But the court held that although the plaintiff had no vested right to the penalty at the time of the repeal, still, by virtue of the general saving clause, he was entitled to recover the penalty; and they say,—" It is obvious that the legislature intended by this provision to limit repealing acts to a strictly prospective operation. All past proceedings are to stand as before the repeal, unaffected by it. The act which, done before, was, by the law then in force, an offence, and to be followed by the consequences of a liability to a penalty, to be recovered in a civil suit, remains in its character and consequences such as it was before the repeal. Rights accruing under the act repealed are not to be arrested or interrupted by the repeal, but are to be preserved and matured by virtue of the act unrepealed as to them, in the same manner as though it continued in force for all purposes."

This goes as far as it is necessary to go here, even should we admit that the defendant had no vested right to the deduction at the time of the repeal. That such a vested right to a penalty may exist seems to have been understood by the court in *Lakeman* v. *Moore*, and was so decided in *Dow* v. *Norris*, 4 N. H. 16.

It is said further, that inasmuch as the plea shows that three times the illegal interest exceeds the whole amount due on the note, it ought

to conclude with a prayer for judgment instead of a prayer for the deduction; that is, the usury ought to be pleaded in bar.

It is well settled that where the fact is so the usury may be pleaded in bar because it amounts to a full defence to the suit, showing that the whole debt is forfeited. But we have not been referred to any case, and have found none, where a plea in the usual form, concluding with a prayer for the deduction, was held bad because it showed that the illegal interest paid or secured was equal to or exceeded the amount due; and we are unable to see any good reason why it should be so held.

The plea of usury is said to be *sui generis*, resembling more a declaration for a penalty than a plea in bar. *Copeland* v. *Jones*, 3 N. H. 116; *Williams* v. *Little*, 11 N. H. 66. In the latter case, PARKER, C. J., says that the technical rules of special pleading do not govern very strictly such pleas under our statute.

The prayer here follows the terms of the statute, which provides that three times the unlawful interest may be deducted in rendering judgment. If, upon the coming in of a verdict finding the usury, it appears to be equal to or more than the amount of the debt, the proper judgment would be given upon the whole record, even though it should then appear that the plea might properly have concluded with a prayer for judgment. *Gibson* v. *Stearns*, 3 N. H. 185. We are therefore of opinion that the demurrer to the plea

*Must be overruled.*